# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIE INSURANCE EXCHANGE,** as subrogee of WILLIAM and MARIA WOZNIAK, | : <br> : **CIVIL ACTION NO. 3:CV-18-2126** <br> : |
| Plaintiff | : **(JUDGE MANNION)** <br> : |
| v. | : <br> : |
| **GREE USA, INC.,** *et al.*, | : |
| Defendants | |

## MEMORANDUM

Presently before the court in this product liability action alleging design and manufacturing defects is a motion to dismiss filed by defendants Gree Electric Appliances, Inc. of Zhuhai ("Gree China") and Hong Kong Gree Electric Appliances Sales, Ltd. ("Gree Hong Kong"), made pursuant to Fed.R.Civ.Pro. 12(b)(5). (Doc. 14). The motion argues that the complaint, which plaintiff Erie Insurance Exchange ("Erie") filed, alleging that a Gree manufactured dehumidifier caused a fire at the Old Forge, PA residence of its insureds, William and Maria Wozniak, should be dismissed for failure to properly serve the foreign defendants under the Hague Service Convention and, under Pennsylvania and California law. The motion alternatively argues that service of Erie's complaint on the two defendants should be quashed. Because Erie properly served Gree China and Gree Hong Kong in the United States under Fed.R.Civ.P. 4, as well as under California law, the motion to dismiss will be **DENIED IN ITS ENTIRETY**, and these defendants will be

directed to answer Erie's complaint.

**I.     BACKGROUND**

On November 5, 2018, Erie filed a complaint raising one count of product liability alleging that defendants Gree USA, Inc., MJC America, Ltd., Gree China and Gree Hong Kong placed into the stream of commerce a defectively designed dehumidifier that caused the February 11, 2018 fire and damage to the home and personal property of its insureds. Erie also alleges that Gree Hong Kong and Gree China falsely represented that its dehumidifiers were certified by Underwriter's Laboratory ("UL") and, that the design and material used in manufacturing their dehumidifiers complied with UL Standards and fire ratings. Gree China is a Chinese corporation with its principal place of business in Qianshan Zhuhai Guang Dong, China, and Gree Hong Kong is a Chinese corporation with its principal place of business in Tsin Sha Tsui Kowloon, Hong Kong. However, the complaint also alleges that Gree USA is a California corporation and a wholly owned subsidiary of Gree Hong Kong, which was formed for the purposes of marketing and distributing to retailers dehumidifiers in the United States. The complaint also alleges that the subject dehumidifier was manufactured by Gree China, and distributed by Gree Hong Kong and Gree USA to a retailer in Pennsylvania.

Gree USA and MJC America were served with the summons and Erie's complaint and jointly filed an answer with affirmative defenses on November 21, 2018. (Doc. 8).

2

Erie initially served Gree China and Gree Hong Kong by hand delivering its complaint and the summons to "Michele" (last name unknown) at the principal place of business of Gree USA, 4195 Chino Hills Avenue #1026, Chino Hills, California (the "California Address"). (Doc. 3). According to Erie, "Michele" was the person in charge at the business address for Gree USA. Erie later sent, by U.S. First Class mail, its complaint and summons to Gree China and Gree Hong Kong to the Gree USA's California Address to the attention of Ming Chu Dong, the President and CEO of Gree China and Gree Hong Kong. (Doc. 3). Erie's evidence reveals that Ming Chu Dong is also known as Dong Mingzhu. (Doc. 16). Erie did not attempt to serve Gree China and Gree Hong Kong at their principal place of business in China.

On December 4, 2018, Gree China and Gree Hong Kong filed their instant motion to dismiss under Rule 12(b)(5) arguing that they have been improperly served. (Doc. 14). On December 10, 2018, Erie filed its brief in opposition with an Affidavit of its counsel, William N. Clark, Jr., and attached exhibits. (Docs. 15 & 16). On December 19, 2018, Gree China and Gree Hong Kong filed a reply brief with an attached unpublished opinion. (Doc. 17). Neither Gree USA nor MJC America filed an opposition brief to the motion and, thus they are deemed as not opposing it.

## II.  STANDARDS

The court in <u>Nationwide Mutual Insurance Company v. Gree USA, Inc.</u>, 2019 WL 1244093 (W.D.Pa. March 1, 2019), adopted by 2019 WL 1243280

(W.D.Pa. Mar. 18, 2019), a case directly on point with the instant case, recently stated the following standard regarding a Rule 12(b)(5) motion filed by Gree China and Gree Hong Kong:

> To comport with due process, in the absence of service of process or a waiver of service by the defendant, a court ordinarily may not exercise power over a party named as defendant in the complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(5), a complaint may be dismissed for insufficient service of process. Once a challenge to the sufficiency of service is lodged, "the party asserting the validity of service bears the burden of proof on that issue." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); *and see* 4A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure §1083 (1987). This burden can be met by a preponderance of the evidence using affidavits, depositions, and oral testimony. Pristas v. Esper, 2018 WL 1427089, at *5 (W.D.Pa. Mar. 22, 2018), citing State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (quoting Villanova v. Solow, 1998 WL 643686, at *1 (E.D.Pa. Sept. 18, 1998)).

Moreover, "Rule 4(h)(1) states that there are two acceptable methods for serving a 'domestic or foreign corporation ... in a judicial district of the United States.'" Nationwide Property and Casualty Insurance Company v. Gree USA, Inc., 2018 WL 6419955, *1 (S.D.OH. Dec. 6, 2018) (citing Fed.R.Civ.P. 4(h)(l)(A)-(B)). Specifically, the Ohio district court, *id.*, explained,

> Those methods are "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *Id*.

4

"In relevant part, Rule 4(e) provides that in regard to the service on a foreign corporation within a judicial district of the United States (pursuant to Rule 4(h)(1)(A)), service may be accomplished by: (1) following state law for serving a summons in an action brought in court of general jurisdiction in the state where the district is located *or where service is made*...." Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *2 (citing Fed.R.Civ.P. 4(e)(1) (italics added)).

Service on a corporation in a foreign country "may occur at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention]." *Id.* at *2-*3 (citing Fed.R.Civ.P. 4(f)(1)).

## III.   DISCUSSION

Gree China and Gree Hong Kong argue that the service made on them by Erie at the California Address, through Gree USA, is not proper since Erie did not comply with the requirements of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"), or with Pennsylvania and California law regarding service. As succinctly stated by the court in Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *2[1], "Gree China and Gree Hong Kong contend that the

---

[1]The court notes that the very recent case of Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093 (W.D.Pa.),

symbiotic and interdependent relationship between the various Gree companies is insufficient to permit service of process through the business address of Gree USA and, accordingly, move to dismiss the complaint or, in the alternative, to quash service of process as to each defendant."

Erie has established through its exhibits that Gree USA is a wholly owned subsidiary of Gree Hong Kong, and that Gree Hong Kong is the wholly owned subsidiary of Gree China. (Doc. 16). Erie contends that service was proper since it mailed the summons and its complaint to Ming Chu Dong (a/k/a Dong Mingzhu), Chairperson of Gree China and Gree Hong Kong, and the director of Gree USA, to her at the California Address, i.e., the business address of Gree USA. Erie has also shown that Ming Chu Dong is the General Manager of Gree China and that she has "responsibility over every aspect of Gree China's operations." Additionally, "the purpose of Gree USA is to act as the distributor of Gree China products within the United States, with orders funneled through Gree Hong Kong." Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *1.

**A. Hague Convention**

Initially, Gree China and Gree Hong Kong argue that service on foreign corporations can only be made pursuant to the Hague Convention. They rely upon Rule 4(f)(1) and cite to several cases for support, particularly

---

addressed facts and issues that are almost identical to the facts and issues in the instant case, and denied the Rule 12(b)(5) motion to dismiss of Gree China and Gree Hong Kong.

Volkswagon AG v. Schlunk, 486 U.S. 694 (1988). Gree China's and Gree Hong Kong's reliance on Volkswagon AG is misplaced. In Volkswagon AG, 486 U.S. at 707, the Supreme Court held that service on a foreign corporation did not have to comport with the Hague Convention "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause." The Supreme Court further stated that "there is no ... evidence in the negotiating history that the Convention was meant to apply to substituted service on a subsidiary ..., which clearly does not require service abroad under the forum's internal law." *Id.* at 704. Thus, if "service, under state law, [does] not necessarily require transmittal of the relevant documents [abroad], the Hague Service Convention simply [is] not implicated." Nationwide Property and Casualty Insurance Company v. Gree USA, Inc., 2018 WL 6419955, *2 (S.D.OH.) (quoting Yamaha Motor Co., Ltd. v. Superior Court, 94 Cal. Rptr. 3d 494, 498 (Cal. Ct. App. 2009)).

The cases of Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093 (W.D.Pa.), and Nationwide Property and Casualty Insurance Company v. Gree USA, Inc., 2018 WL 6419955 (S.D.OH.), are both directly on point with the instant case and they pertain to identical Rule 12(b)(5) motions filed by Gree China and Gree Hong Kong. Both the Western District PA case and the Ohio case involved essentially the same facts and claims as the instant case against the same defendants. Gree China and Gree Hong Kong basically made the same arguments as they raise in their present motion. In both of the stated cases, the courts denied the motions

filed by Gree China and Gree Hong Kong. These court found that "if Gree USA is an agent for purposes of service of process under the law of the state where service occurred, in this case California, compliance with the Hague Convention is not required." Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *3 (W.D.Pa.). Erie also cites to Nationwide General Insurance v. Gree USA, Inc., 3:18-cv-12607, (E.D.MI. Nov. 7, 2018), which is another case directly on point with the present case. Similarly, the court in the Eastern District of Michigan found that service on Gree USA at the California Address is effective service on Gree China and Gree Hong Kong.[2] (*See* Doc. 16, Ex. 7). This court finds the three stated cases, with factual records nearly identical to the record in this case, persuasive and concurs with the rationale and findings of the courts in these cases.

Gree China and Gree Hong Kong rely upon the case of IDS Property Casualty Ins. Co., v. Gree USA, Inc., 2018 WL 6605896 (D.MN. Dec. 17, 2018). (*See* Doc. 17-1). In that case, the court granted the motion to dismiss under Rule 5(b)(5) of Gree China and Gree Hong Kong since it found that the plaintiff did not effect proper service under the Hague Convention, and it quashed the service that was made on the two defendants in California, based on Minnesota law, without dismissing the case. This court does not find the Minnesota case persuasive. As the court noted in Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *4 n. 1 (W.D.Pa.),

---

[2]The court notes that counsel for Erie also represented the plaintiffs in all three of the above stated cases.

"the holding [in IDS Property Casualty Ins. Co., v. Gree USA, Inc.] [is] unpersuasive in light of the broader provisions of Rule 4(e) of the Federal Rules of Civil Procedure permitting service under the rules of the state where the action is filed or the rules of the state *where service is made*.") (emphasis original).

Under California law, which is addressed below, Erie was not required to transmit the summons and complaint to Gree China and Gree Hong Kong abroad, and Erie complied with California law regarding service on these two foreign defendants by serving Gree USA, their United States subsidiary, at the California Address. *See* Nationwide Property and Casualty Insurance Company v. Gree USA, Inc., 2018 WL 6419955, *2 (S.D.OH.). As such, Erie was not required to serve Gree China and Gree Hong Kong in conformance with the Hague Service Convention.

**B. California Law**

Next, the court considers whether Erie properly served Gree China and Gree Hong Kong under California law by serving Gree USA, their subsidiary, at the California Address.

The court in Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *3 (W.D.Pa.), addressed service on Gree USA under California law and stated:

> California Code of Civil Procedure section 416.10 provides that service on a corporation may be made "[i]f authorized by any provision in Section ... 2110 ... of the Corporations Code ..., as provided by that provision. Cal. Civ. P. Code §416.10(d). Section 2110, in turn, provides that service on a foreign corporation is

9

valid if a copy of any process is delivered by hand "to any officer of the corporation or its general manager in this state." Cal. Corp. Code §2110; *and see*, <u>SKC Kolon PI, Inc. v. Kaneka Corp.</u>, 2010 WL 11553177, at *2 (C.D.Cal. Nov. 18, 2010).

The court, *id*., then explained:

California law defines "general manager" broadly, to include "any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." <u>Falco v. Nissan North America, Inc.</u>, 987 F. Supp. 2d 1071, 1074 (C.D.Cal. 2013)(internal quotation marks and citations omitted). In this regard, under governing and persuasive California case law, service upon "a domestic subsidiary of a foreign corporation" is sufficient to qualify as service upon a general manager where the domestic subsidiary is performing functions that the foreign corporation would otherwise be required to undertake on its own. *Id.*, citing <u>Khachatryan v. Toyota Motor Sales, U.S.A., Inc.</u>, 578 F. Supp. 2d 1224 (C.D.Cal. 2008); <u>Gray v. Mazda Motor of America</u>, 560 F. Supp. 2d 928, 929-930 (C.D.Cal. 2008); <u>Yamaha Motor Co., Ltd. v. Superior Ct.</u>, 174 Cal. App. 4th 264, 94 Cal. Rptr. 3d 494 (2009) (citing <u>Cosper v. Smith & Wesson Arms Co.</u>, 53 Cal.2d 77, 84, 346 P.2d 409 (1959)). In each referenced case, the court concluded that due process is met through service upon a domestic subsidiary because the domestic sales arm of a foreign corporation provides business advantages that would be enjoyed if the foreign corporation conducted business in the jurisdiction on its own, and, due to the close relationship between the parent and subsidiary, it is "reasonably certain that [the foreign entity] would be apprised of the service of process." <u>Falco</u>, 987 F. Supp. 2d at 1077.

*See also* <u>U.S. Ex. rel. Miller v. Public Warehousing, Co., KSC</u>, 636 Fed.Appx. 947, 949 (9th Cir. 2016) (Ninth Circuit held that under California law, service can be made on a parent foreign corporation by serving its California subsidiary if the foreign parent corporation cannot be easily served in California and the foreign parent corporation and its subsidiary have a "sufficiently close relationship", which "depends on the frequency and quality

of contact between the parent and the subsidiary, the benefits in California that the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent.") (citation omitted).

In the three above cited cases decided in the Western District of Pennsylvania, the Southern District of Ohio, and the Eastern District of Michigan, the courts found that service on Gree USA, effectuated in the same manner that Erie used in this case, was effective service on Gree China and Gree Hong Kong under California law. *See* <u>Nationwide Mutual Insurance Company v. Gree USA, Inc.</u>, 2019 WL 1244093, *4 (W.D.Pa.) ("[T]his Court has no difficulty finding that Gree USA serves as the sales arm of Gree Hong Kong and Gree China, and that the relationship between each entity is sufficiently close that each foreign entity most certainly would have been apprised of service of process. Under such circumstances, California law permits service of process to be effectuated upon Gree USA as the general manager of Gree Hong Kong and Gree China."); <u>Nationwide Property and Casualty Insurance Company v. Gree USA, Inc.</u>, 2018 WL 6419955, *2 (S.D.OH) (court held that "service on Gree USA was sufficient under California law for Gree China and Gree Hong Kong.").

This court finds no merit to the contention of Gree China and Gree Hong Kong that Erie's service on them by hand delivering the summons and complaint to "Michele" at the California Address, who Erie has shown was the person in charge at Gree USA at the time of service, and by then mailing

copies of the summons and complaint to Ming Chu Dong at the California Address was not sufficient. See Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *4 (W.D.Pa.) (The court cited to the Southern District of Ohio and the Eastern District of Michigan *Gree USA* cases and stated that "[i]n both instances, the court determined that service upon an individual with apparent authority at the designated subsidiary's place of business [i.e., the Gree USA business address] satisfies the alternative method of service [with respect to Gree China and Gree Hong Kong] contemplated by Cal. Civ. Proc. §415.20 ...."). Thus, the court finds that Erie's service on Gree USA by hand delivering the summons and complaint to the person in charge at Gree USA's business address is proper on Gree China and Gree Hong Kong under California law. *See* Cal. Civ. Proc. §416.10 and §415.20(a). See Nationwide Mutual Insurance Company v. Gree USA, Inc., 2019 WL 1244093, *3 (W.D.Pa.); Nationwide Property and Casualty Insurance Company v. Gree USA, Inc., 2018 WL 6419955 (S.D.OH); and Nationwide General Insurance Company v. Gree USA, 18-cv-12607 (E.D.MI).

Gree China and Gree Hong Kong attempt to distinguish the Ohio and Michigan cases by pointing out that the plaintiff in those cases served different persons at the Gree USA business address, with last names provided on the affidavits of service. They also argue that "Michelle" is not Gree USA's designated agent for service of process and that she does not hold any of the positions listed under California law, §416.10. Gree China and Gree Hong Kong offer no evidence to support their contentions regarding

Michelle's position with Gree USA. Conversely, Erie has evidence in the form of sworn proofs of service, (Docs. 9 & 12), to show that Michelle was the "person in charge of the business address of Ming [C]hu Dong", i.e. the business address of Gree USA, regarding the personal service on Gree China and Gree Hong Kong. Nor do Gree China and Gree Hong Kong dispute that personal service was made by Erie at the Gree USA business address in California and via mail addressed to Ming Chu Dong at the Gree USA office. Thus, the court finds no merit to the distinctions raised by Gree China and Gree Hong Kong. *See* Nationwide Property and Casualty Insurance Company v. Gree USA, Inc., 2018 WL 6419955, *2 (S.D.OH.) ("California law defines 'general manager' broadly to allow service on a foreign corporation through its domestic subsidiary" and, Cal. Civ. Proc. §415.20 allows for personal service on "the person who is apparently in charge" of the office) (citation omitted). Further, Erie also complied with the alternative method of service permitted by §415.20 by mailing the summons and complaint to Ming Chu Dong, the Chairperson of Gree USA and the person who is in charge, at Gree USA's business address.

Based on its undisputed exhibits, (Doc. 16), Erie has established that due to the close corporate relationship between Gree USA and Gree China and Gree Hong Kong it is "reasonably certain that [the foreign parent corporations] would be apprised of the service of process." Falco, 987 F.Supp. 2d at 1077. In fact, as Erie states, "Gree USA is nothing more than an alter ego for Gree China and Gree Hong Kong given the common officers

and control asserted over Gree USA by its foreign masters." (Doc. 15 at 8).

Finally, since service on Gree USA was sufficient under California law for Gree China and Gree Hong Kong, the place where service was made on them at Gree USA's business address, the court need not address defendants' contention that service was not sufficient under Pennsylvania law. See <u>Nationwide Mutual Insurance Company v. Gree USA, Inc.</u>, 2019 WL 1244093, *2 (under Rule 4(e), service on a foreign corporation within a judicial district of the United States may be accomplished by "following state law for serving a summons in the state where the district is located *or where service is made*....") (citing Fed.R.Civ.P. 4(e)(1)). Here, under Rule 4, Erie served its complaint as prescribed by the law of the state where service was made.

## IV. CONCLUSION

For the reasons discussed above, the motion to dismiss Erie's complaint, (Doc. 1), for improper service of process, or, in the alternative, to quash service, filed by Gree China and Gree Hong Kong, (Doc. 14), is **DENIED IN ITS ENTIRETY**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 28, 2019**
18-2126-01.wpd